IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KIMBERLY NECOLE MITCHELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-12-2402 |
| | § | |
| SOCIAL SECURITY DEPARTMENT, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION**
**TO GRANT DEFENDANT'S MOTION TO DISMISS**

This matter was referred by United States District Judge Lee H. Rosenthal for full pretrial management, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket Entry #6). Pending before the court is a motion by Defendant Michael J. Astrue ("Defendant," "Commissioner"),[1] in his capacity as Commissioner of the Social Security Administration ("SSA"), to dismiss the claims filed against him by Plaintiff Kimberly Necole Mitchell ("Plaintiff," "Mitchell"), on the ground that she failed to exhaust her administrative remedies. (Defendant's Motion to Dismiss Plaintiff's Petition and Incorporated Memorandum of Law ["Motion"], Docket Entry #2). Plaintiff has not filed a response to Defendant's motion. After considering the pleadings and the applicable law, it is RECOMMENDED that Defendant's motion be GRANTED, and that this case be DISMISSED, with prejudice, for the reasons set out in this memorandum.

**Background**

On December 22, 2006, the Social Security Administration found that Kimberly Necole Mitchell was disabled, and entitled to supplemental security income ("SSI"), under Title XVI of the

---

[1] Plaintiff named "Social Security Department" as defendant, but the Commissioner is the proper defendant in a lawsuit against the Social Security Administration for disability benefits. *See* 20 C.F.R. § 422.210(d).

Act.[2] (Motion at 2 & Exhibit ["Ex."] 1 [Hernandez Declaration], B). Unlike disability insurance benefits, SSI benefits are not funded by employment taxes, but come from the general tax revenues. *See* SOCIAL SECURITY ADMINISTRATION, SOCIAL SECURITY HANDBOOK § 2100. The SSI program is a public assistance measure that provides an additional financial resource to the aged, blind, and disabled to ensure that their incomes do not fall below the poverty line. *See* 42 U.S.C. §§ 1381, 1381a, 1382; 20 C.F.R. § 416.110. For that reason, the eligibility of a claimant for SSI benefits is based on proof of indigence, as well as disability. *See* 42 U.S.C. §§ 1382(a), 1382c(a)(3)(A)-(C). At issue here is the requirement that the claimant possess no more than $2,000.00 in resources. *See* 20 C.F.R. § 416.202.

The SSA's computer network is linked with one that is used by the Internal Revenue Service ("IRS"). (Motion at 2 & Ex. 1, D). Through that link, the SSA is notified if the IRS discovers that an SSI recipient has obtained additional resources that might affect her continued eligibility for benefits. (*Id.*). On December 6, 2010, the SSA was notified, by the IRS, that Plaintiff had acquired assets that might render her ineligible to receive further SSI payments. (*Id.* at Ex. 1, E). Based on that information, the SSA sent Mitchell a letter requesting an appointment, by telephone, on December 17, 2010. That letter informed her of the following:

> We received information from computer matching with the Internal Revenue Service. Since this information may affect your SSI eligibility or payment amount, we would like to discuss it with you. Under the computer-matching law, we cannot use this information to change your SSI until we give you 30 days to disagree with it. Computer matching compares our records with those of other agencies. It helps determine if you are eligible for SSI and how much we can pay you.

---

[2] The record before the court is silent on the nature of Plaintiff's disability.

(*Id*. at 2-3 & Ex. 1, E). In the letter, the SSA also told Mitchell that her failure to object might result in the termination of SSI payments, and informed her of her right to appeal the cancellation of benefits. (*Id*.).

On December 17, 2010, as scheduled, Mitchell discussed the matter with an SSA Claims Representative, Reina Quezada ("Quezada"). (*Id*. at 3 & Ex. 1). During this conversation, Quezada obtained Plaintiff's written consent for a release of her financial information to allow the SSA to verify her resources. (*Id*. at 3 & Ex. 1, F, G). The information that the SSA obtained through that release showed that, in August 2009, Mitchell received a credit of $44,522.26 from "a Met Life Family of Companies account." (*Id*. at 3 & Ex. 1, H). The SSA also discovered that, as of November 2010, Mitchell had a bank account balance of $9,755.11. (*Id*.). On January 11, 2011, the SSA notified Mitchell that because her resources exceeded the $2,000.00 cap set for SSI eligibility, it would "cease paying her Supplemental Security Income as of February 2011." (*Id*. at 4 & Ex. 1, I, J). The SSA also gave Mitchell detailed instructions on the procedures to follow should she choose to appeal its decision. (*Id*. at Ex. I). On January 19, 2011, Plaintiff filed a request for a reconsideration, but that was denied for the following reason:

> Your request for a reconsideration is being denied because the initial decision that was made was correct. You inherited a life insurance policy after your father's passing and have been receiving payments since 8/2009. As of November 30, 2010, the life insurance policy had a balance of $9,755.11. You are still over the resource limit of $2000.

(*Id*. at Ex. 1, K, L). Mitchell was also informed, however, that her benefits could be reinstated upon proof that her resources were once again under the $2,000.00 limit. (Motion at Ex. L). Further, the SSA informed Mitchell of her right to appeal the decision by requesting a hearing before an administrative law judge ("ALJ") within sixty days of receipt of its decision. (*Id*. at Ex. L).

According to the Commissioner, Mitchell has yet to request a hearing before an ALJ.  (*Id*. at 4 & Ex. 1).

On January 18, 2011, Plaintiff, proceeding *pro se*, filed an action in state court to challenge the SSA's decision.  *See Mitchell v. Social Sec. Comm'r*, H-11-cv-0494, at Docket Entry #1 (S.D. Tex. Feb. 9, 2011).  The Commissioner removed the case from state court, and moved to dismiss for failure to exhaust administrative remedies.  *See id*. at Docket Entries #1, #8.  On July 27, 2011, the federal court dismissed the case, stating that Mitchell "must exhaust her administrative remedies, by obtaining a 'final decision' from the Commissioner, before seeking judicial review."  *Id*. at Docket Entries #11, #12.  The court also explained the administrative process and, in particular, pointed out that Mitchell must request a hearing before an ALJ, before filing suit.  *See id*.

Instead of heeding the court's instructions, however, on June 22, 2012, Plaintiff simply filed another state court action to challenge the same decision to terminate her SSI benefits.  (Notice of Removal, Docket Entry #1, at Ex. 2 [Plaintiff's Original Petition]).   As in her previous action, Plaintiff alleges that the SSA illegally used funds from her Met Life account without her consent, and she complains of "corruption" and "conspiracy" within the agency.  (*Id*.).  Mitchell seeks monetary and punitive damages in the amount of $150,000.00.  (*Id*.).  On August 10, 2012, Defendant removed the case to federal court, under 28 U.S.C. §§ 1331, 1441(b), and 1442(a)(1), because it arises under federal law and names a federal agency as defendant.  (Notice of Removal at 1).  On the same day, Defendant filed this motion to dismiss for failure to exhaust administrative remedies.  (Motion at 1-2, 4-6).  Plaintiff has not responded to Defendant's motion.  Having considered the pleadings, the evidence submitted, and the applicable law, the court recommends that Defendant's motion to dismiss be granted.

**Standard of Review**

As a general rule, a party must exhaust all available administrative avenues of relief before seeking judicial review, "'in part because of the possibility that administrative review might obviate the need for judicial review.'" *Garner v. United States Dep't of Labor*, 221 F.3d 822, 825 (5th Cir. 2000) (quoting *Hodges v. Callaway*, 499 F.2d 417, 423 (5th Cir. 1974)); *see Taylor v. United States Treasury Dep't*, 127 F.3d 470, 476 (5th Cir. 1997). In a social security case, the available remedies are not exhausted until the claimant obtains a "final decision of the Commissioner of Social Security made after a hearing to which [s]he was a party." 42 U.S.C. § 405(g); *see Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005). The regulations interpreting the Social Security Act set out those steps that a claimant must take to obtain a "final decision." *See* 20 C.F.R. § 416.1400(a). First, the Commissioner makes an initial decision on the claimant's application for benefits. *See id*. If the claimant is dissatisfied with the initial determination, she may then request a reconsideration of that decision. *See id*. If the claimant is unhappy with the decision on her request for reconsideration, she is then entitled to request a hearing before an ALJ. *See id*. Following the hearing, and after the ALJ makes a written decision, the claimant may make another challenge by requesting a review by the SSA's Appeals Council. *See id*. It is only after the Appeals Council makes a decision, or denies a claimant's request for review, that a "final decision" has been made, and the case becomes ripe for judicial review. *See id*. at §§ 416.1400(a), 416.1484(b)(2); *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); *Higginbotham*, 405 F.3d at 337.

The United States Supreme Court has held, however, that the requirement of a final agency decision "consists of two elements, only one of which is purely 'jurisdictional' in the sense that it cannot be 'waived'" by the Commissioner. *See Mathews v. Eldridge*, 424 U.S. 319, 328 (1976);

*accord Bowen v. City of New York*, 476 U.S. 467, 482-83 (1986); *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 285 (5th Cir. 1999). "The nonwaivable element is the requirement that a claim for benefits shall have been presented to the [Commissioner]." *Eldridge*, 424 U.S. at 328; *accord City of New York*, 476 U.S. at 483; *Physician Hosps. of Am. v. Sebelius*, 691 F.3d 649, 653-54 (5th Cir. 2012). Courts have held that a claimant has "presented" a claim, for jurisdictional purposes, by taking one of the following actions: filing a claim for benefits; making an unsuccessful attempt to seek review at the administrative level; giving an indication, in writing, that benefits should not be terminated; or reporting a change in status. *See Heckler v. Day*, 467 U.S. 104, 107 (1984); *Weinberger v. Salfi*, 422 U.S. 749, 762-63 (1975); *Ellison v. Califano*, 546 F.2d 1162, 1164 (5th Cir. 1977). Absent such "presentment," there is "no 'decision' of any type [and] some decision by the [Commissioner] is clearly required by the statute." *Eldridge*, 424 U.S. at 328.

The "waivable element," on the other hand, "is the requirement that the administrative remedies prescribed by the [Commissioner] be exhausted."[3] *Id.*; *accord City of New York*, 476 U.S. at 483. If there are sufficient grounds to justify a waiver, a social security claimant may be able to bypass some of the administrative remedies and proceed directly to federal court. *See Taylor*, 127 F.3d at 477. However, the exhaustion requirement can be waived only "in extraordinary circumstances." *Dawson Farms, LLC v. Farm Serv. Agency*, 504 F.3d 592, 606 (5th Cir. 2007); *accord Taylor*, 127 F.3d at 477. The Fifth Circuit has recognized the following circumstances as

---

[3] Whether the requirement to exhaust administrative remedies can be waived varies under the particular laws that govern each administrative agency. *See Sims v. Apfel*, 530 U.S. 103, 107-08 (2000); *Zephyr Aviation, L.L.C. v. Dailey*, 247 F.3d 565, 570 (5th Cir. 2001). The Supreme Court has long held that the statute governing the SSA does not preclude a waiver of this requirement in some limited circumstances. *See City of New York*, 476 U.S. at 483; *Eldridge*, 424 U.S. at 328.

6

ones that may warrant a waiver:

> (1) the unexhausted administrative remedy would be plainly inadequate, (2) the claimant has made a constitutional challenge that would remain standing after exhaustion of the administrative remedy, (3) the adequacy of the administrative remedy is essentially coextensive with the merits of the claim (*e.g.*, the claimant contends that the administrative process itself is unlawful), and (4) exhaustion of administrative remedies would be futile because the administrative agency will clearly reject the claim.

*Id.*; *see Dawson Farms, LLC*, 504 F.3d at 606. The Fifth Circuit has also found that "exhaustion may be excused when . . . irreparable injury will result absent immediate judicial review." *Id.* (citing *Rhodes v. United States*, 574 F.2d 1179, 1181 (5th Cir. 1978)). If none of these circumstances is present, however, the claimant must return to the agency and exhaust administrative remedies. *See id.* Then, "'once these remedies are exhausted, if complete relief has not been obtained, [the claimant] can return to court'" to challenge the agency's decision. *Taylor*, 127 F.3d at 478 (quoting *Seniority Research Group v. Chrysler Motor Corp.*, 976 F.2d 1185, 1189 (8th Cir. 1992)).

**Discussion**

In his motion, the Commissioner argues that Mitchell's case should be dismissed for failure to exhaust administrative remedies. (Motion at 1-2, 4-6). Clearly, Mitchell has met the jurisdictional component of the exhaustion requirement, because she presented a claim for benefits to the Commissioner before she sought judicial review. *See Eldridge*, 424 U.S. at 328; *Heckler*, 467 U.S. at 107; *accord Sebelius*, 691 F.3d at 653-54. As a result, the court must determine whether Plaintiff exhausted her administrative remedies before appealing to the federal court, and, if not, whether there are sufficient grounds to justify a waiver of the exhaustion requirement. *See City of New York*, 476 U.S. at 483; *Eldridge*, 424 U.S. at 328; *Taylor*, 127 F.3d at 477.

The law is clear that, in general, a social security claimant may not seek judicial review until she has obtained a "final decision" from the Commissioner. *See* 42 U.S.C. § 405(g); *Perez*, 415 F.3d at 461; *Higginbotham*, 405 F.3d at 337. A decision becomes "final" only after the Appeals Council reviews findings by the ALJ. *See* 20 C.F.R. § 416.1400(a). In this case, Mitchell never obtained a "final decision." (Motion at Ex. 1). Indeed, she did not request that her case be heard by an ALJ, so the matter has never been ripe for an Appeals Council consideration. *See* 20 C.F.R. § 416.1400(a) (setting out the steps of the administrative appeals process). It is clear, then, that Plaintiff did not exhaust her administrative remedies. (Motion at 5). Further, Plaintiff does not claim that her case warrants a waiver of the exhaustion requirement, and there do not appear to be any circumstances that might justify a waiver in this instance. *See Dawson Farms, LLC*, 504 F.3d at 606. There is nothing in this case that suggests that exhaustion would be "plainly inadequate" or futile, or that "irreparable injury will result absent immediate judicial review." *Id.*; *Taylor*, 127 F.3d at 477. Finally, Plaintiff's claim does not raise a matter of constitutional law. *See id.* Simply put, there are no "extraordinary circumstances" present that might warrant a waiver of the exhaustion requirement. *See Dawson Farms, LLC*, 504 F.3d at 606. As a result, it is appropriate to dismiss this case for lack of exhaustion.

Further, the court recommends that this case be dismissed with prejudice to a refiling. Kimberly Mitchell has filed several cases, for various causes of action, in this court in the recent past. All of them have been dismissed. *See, e.g.*, *Mitchell v. Social Sec. Comm'r*, H-11-cv-0494 (S.D. Tex. Feb. 9, 2011) (Rosenthal, J.); *Mitchell v. FBI*, H-10-cv-847 (S.D. Tex. May 28, 2010) (Hittner, J.); *Mitchell v. United States Secret Serv.*, H-09-cv-3258 (S.D. Tex. Jan. 6, 2010) (Ellison, J.); *Mitchell v. FBI*, H-07-cv-3856 (S.D. Tex. Dec. 6, 2007) (Gilmore, J.); *Mitchell v. Bush*, H-06-cv-

4085 (S.D. Tex. Jan. 24, 2007) (Hoyt, J.). In *Mitchell v. Bush*, the court dismissed Mitchell's claims with prejudice, and further ordered the following:

> that the plaintiff, Kimberly Mitchell, is hereby ENJOINED from filing and prosecuting claim in any federal court without first obtaining leave from the United States District Court, Southern District of Texas, Houston Division, in advance of the filing of any action. Violations of this Order and Injunction are subject to contempt proceeding that may result in incarceration as punishment.

*Id*. at Docket Entry #9. In fact, most of Mitchell's cases have been dismissed for failure to obtain that leave. Here, because Mitchell filed her lawsuit in state court, she was not obligated to obtain permission from the Southern District of Texas before filing. On the other hand, she filed the suit without first exhausting her administrative remedies, in direct contravention of the court's order dismissing the same claims more than one year ago, and knowing that Defendant would remove the case to federal court. In addition, on this record, there can be no dispute that the SSA and the courts have given Mitchell explicit instructions on how to exhaust administrative remedies, although she has, apparently, chosen to ignore them. Moreover, Mitchell has made no attempt to justify her actions, or to otherwise oppose Defendant's motion to dismiss.

And, finally, Mitchell has failed to make necessary disclosures, to participate in creating the joint discovery/case management plan, or to make any attempt to prosecute her case since its removal. (*See* Amended Joint Discovery/Case Management Plan under Rule 26(f), Federal Rules of Civil Procedure, Docket Entry #11, at 1-2). As a rule, "[d]ismissal with prejudice is a drastic remedy to which a court may resort only in extreme situations where there is a clear record of delay or contumacious conduct by the plaintiff." *Bann v. Ingram Micro, Inc*., 108 F.3d 625, 627 (5th Cir. 1997) (citing *Silas v. Sears, Roebuck & Co*., 586 F.2d 382, 385 (5th Cir. 1978)). In this case, however, Plaintiff has a well documented history of failing to abide by court orders and, in

particular, she has wasted the resources of the SSA and the court by filing this lawsuit without first exhausting her administrative remedies. Dismissal of this case with prejudice does not preclude Plaintiff from pursuing administrative remedies, or from seeking reinstatement of benefits if her resources meet the $2,000.00 limit. (*See* Motion at Ex. L). For these reasons, the court recommends that dismissal of this case be with prejudice.

In sum, Plaintiff has failed to exhaust her administrative remedies, and a waiver of the exhaustion requirement is not justified. By her conduct, she should not be permitted to pursue this claim any further in federal court. As a result, the court recommends that Defendant's motion be granted, and that this case be dismissed, with prejudice.

**Conclusion**

Accordingly, it is **RECOMMENDED** that Defendant's Motion to Dismiss be **GRANTED**, and that this case be **DISMISSED**, with prejudice.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208; copies of any such objections shall be delivered to the chambers of Judge Lee H. Rosenthal, Room 11535, and to the chambers of the undersigned, Room 7007.

**SIGNED** at Houston, Texas, this 13th day of November, 2012.

**MARY MILLOY**
**UNITED STATES MAGISTRATE JUDGE**